NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1538

SPINE SOLUTIONS, INC.,
SYNTHES SPINE COMPANY, L.P.
and SYNTHES, INC.,

Plaintiffs-Appellees,

v.

MEDTRONIC SOFAMOR DANEK USA, INC.,
and MEDTRONIC SOFAMOR DANEK, INC.,

Defendants-Appellants.

Appeal from the United States District Court for the Western District of Tennessee in case no. 07-CV-02175, Judge Jon P. McCalla.

ON MOTION

Before RADER, CLEVENGER, and DYK, Circuit Judges.

RADER, Circuit Judge.

ORDER

Medtronic Sofamor Danek USA, Inc. et al. (Medtronic) move for a stay, pending appeal, of the permanent injunction entered by the United States District Court for the Western District of Tennessee. Spine Solutions, Inc. opposes. Medtronic replies.

Spine Solutions and Medtronic manufacture and sell spinal implants used in spinal surgery. Three Medtronic products, collectively referred to as the "Maverick," are at issue in this case. Medtronic manufactures the Maverick in the United States but has not yet obtained Food and Drug Administration approval to sell its devices in the United States. Thus, Medtronic sells the Maverick only outside the United States.

Spine Solutions sued Medtronic, alleging that the Maverick infringed U.S. Patent No. 6,936,071 (the '071 patent). The district court ruled that Medtronic infringed and that the patent was not invalid, and entered a permanent injunction prohibiting Medtronic from making, selling, or using the spinal implant in the United States. The injunction further provided that "[f]or devices manufactured after the issuance of the '071 patent that have already been exported, Medtronic is permanently enjoined from using, selling, offering for sale, or otherwise transferring any such device or components thereof beyond a reasonable sixty (60) day inventory of such devices." Medtronic seeks a stay, pending appeal, of the injunction as a whole and alternatively requests that the court stay the portion of the injunction that applies to products that have already been exported.

In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987); see also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the harm factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987).

Without prejudicing the ultimate disposition of this case by the merits panel, and based upon the motion papers submitted, we determine that Medtronic has not met its burden to obtain a stay of the injunction as a whole. However, we determine that

Medtronic has met its burden to obtain a stay, pending appeal, of that portion of the injunction that applies to products that have already been exported.

Accordingly,

IT IS ORDERED THAT:

The motion is granted in part. The portion of the injunction prohibiting Medtronic from using, selling, offering for sale, or otherwise transferring devices that had already been exported as of the date of entry of the injunction is stayed, pending appeal. The motion is denied in all other respects.

FOR THE COURT

NOV 0 6 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Seth P. Waxman, Esq.
       Jeffrey Martin Olson, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 06 2009

JAN HORBALY
CLERK

2009-1538                                  3